# Richmond.

## FRANK, WOLFE & CO. v. PRINGLE & HILL.

### NOVEMBER 17, 1898.

Absent, Cardwell and Riely, JJ.

1. PARTNERSHIP—*Right of Creditors to Subject Social Assets—Case in Judgment.*—Partnership creditors have, in strictness, no lien upon the partnership assets for the payment of their debts, but must work out their preference over the creditors of the individual members of the partnership through the equities of such members among themselves. The partners may release this right, and if they do the creditors of the partnership cannot complain. Whether such right has been released is a question to be determined from the facts of the particular case. In the case in judgment the partnership creditors have no lien upon the partnership assets, and no right to subject the same in the hands of the appellee, Southall, to the payment of their debts.

2. PARTNERSHIP—*Liability on Endorsement for Individual Debt of One Member.*—The endorsement of the partnership name on a negotiable note given for a debt for which the partnership is in no wise liable, does not create any liability on a partner who neither made the endorsement nor in any wise authorized it.

Appeal from a decree of the Circuit Court of Rockingham county pronounced October 27, 1897, in a suit in chancery wherein the appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*Sipe & Harris*, for the appellants.

*Winfield Liggett*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

Prior to October 1, 1891, J. J. Pringle and S. R. Hill were engaged in the business of selling goods at Elkton, Va., under the firm name of Pringle & Hill. About the first of that month Hill sold his interest in the concern to Pringle, who undertook to pay the debts of the concern. Among those debts were the debts asserted by the appellants. About the 10th of that month W. S. Southall and Pringle entered into partnership, under the style of Pringle & Southall, for the purpose of conducting a mercantile business at the same place. This partnership continued until the 5th day of January, 1892, when it was dissolved. At that time Pringle conveyed all his interest in the assets of the concern of Pringle & Southall to Southall, for the following purposes, as stated in the assignment, viz. :

" 1. To wind up and settle, sell and dispose of as he may deem best.

" 2. To pay all the debts and liabilities for which said firm of Pringle & Southall is legally bound, including the costs and charges incident to this settlement and the winding up of said business.

" 3. After paying all the debts of the concern of Pringle & Southall the residue shall be equally divided between the partners, and the share of the said Pringle shall then be applied : First. To pay any debt which, on such settlement, may be found due from said Pringle to said Southall, and any debts or obligations of said Pringle for which said Southall is bound with him, or which said Southall may have to pay by reason of any act of said Pringle. Second. The residue, if any, of the funds arising from the sale and collection of said' assets, after paying the debts and obligations above recited, shall be paid over to said Pringle."

On the same day Pringle made a deed conveying certain other property to Southall to protect him from any loss that he might suffer as surety for Pringle, or from Pringle's con-

duct and acts whilst a member of the firm of Pringle & Southall.

In February, 1892, the appellants, who were creditors of Pringle & Hill, filed their original bill, and in April, 1896, filed their amended and supplemental bill, by which they sought to compel payment of their debts out of the property conveyed to Southall, first upon the ground that the firm of Pringle & Southall had undertaken to pay the debts of Pringle & Hill; second, that the assets of Pringle & Hill, when they came to the hands of Pringle & Southall, were in equity bound for the payment of their debts, and that under the deeds of Pringle to Southall of January 5, 1892, they were entitled to payment.

It clearly appears from the record that the firm of Pringle & Southall did not, when that partnership was formed nor at any other time, assume or undertake to pay the debts of Pringle & Hill. Neither does the record show that the creditors of Pringle & Hill have a lien in equity upon the assets of that firm which came into the hands of Pringle & Southall. The precise terms of the contract between Pringle & Hill by which the former acquired the interest of the latter in the firm assets is not shown. It does appear that Pringle assumed the payment of the partnership debts, but there is no proof nor suggestion that those debts were to be paid out of the assets of the concern, or that any lien was reserved thereon to secure their payment.

Partnership creditors in strictness have no lien upon the partnership assets for the payment of their debts, but must work out their preference over the creditors of individual members of the partnership through the equities of such members.

In *Shackelford* v. *Shackelford*, 32 Gratt. 481, 503, it was said by Moncure, P., in delivering the opinion of the court:

"We know that, ordinarily, a partnership estate is liable to the payment of the debts of the firm, in preference to the in-

dividual debts of the partners. This is the right of the partners *inter sese*. The creditors of the partnership have no such right of priority over the creditors of the partners individually, but only by substitution to the rights of the partners *inter sese*. The partners may release this right, and the creditors of the partnership cannot complain, for it is not their right, except subject to the disposition and control of the partners themselves, to whom it belongs.

" When one partner sells to another the former's interest in the partnership estate, the question whether the former has a right, after the sale, to require the partnership estate to be applied to the payment of the partnership debts in his exoneration, depends upon the true intent and meaning of the contract of sale in that respect. It is competent, of course, for a vendor in such a case to release the partnership estate from such a continuing liability. But whether he did so in fact or not is a question which depends upon the intention of the parties in the contract of sale in the particular case."

See also 2 Lindley on Partnership, side page 654, &c. (Ewell's edition.)

When Southall entered into partnership with Pringle, there was nothing to give notice to him (Southall) that Hill or any one else had a lien or any claim upon the goods or property which Pringle put into the concern. Southall, in his answer and deposition, not only denies that he knew that the firm of Pringle & Hill was indebted when he went into partnership with Pringle, but avers that he was informed by Pringle that it was not. There is no evidence to the contrary; at least, none sufficient to overcome Southall's statement. There is nothing to show that the purchase by Pringle of Hill's interest in the partnership assets of Pringle & Hill was not made in good faith; neither is there any evidence that Southall did not act *bona fide* when he became interested in those assets by entering into partnership with Pringle.

Under the facts and circumstances disclosed by the record,

we do not think that the creditors of the firm of Pringle & Hill have a lien in equity upon the assets of the firm of Pringle & Hill in the hands of Southall.

The remaining ground upon which the appellants claim a right to relief is based upon the deeds of Pringle to Southall of date January 5, 1892.

If they have any such right it is under that provision in the deed of assignment which provides that, after all the debts of the concern of Pringle & Southall shall be paid out of the proceeds of the assets of that firm, the residue shall be divided equally between the partners, and the share of said Pringle shall then be applied " to pay any debt which on such settlement may be found due from said Pringle to said Southall, and any debts or obligations of said Pringle for which said Southall is bound with him, or which said Southall may have had to pay by reason of any act of said Pringle."

During the existence of the partnership of Pringle & Southall, Pringle executed two negotiable notes to the appellants, Witz, Biedler & Co., aggregating the amount of their debt, in the name of Pringle & Hill, upon which he endorsed the name of Pringle & Southall. This endorsement was made without the knowledge or consent of Southall. The notes were given for a debt for which, as we have seen, he was not liable. Pringle not being authorized, either as partner or otherwise, to make such endorsement, it did not create any liability upon Southall. Neither does it appear that he was in any way liable for the debt of appellants, Frank, Wolfe & Co. Neither of those debts being debts or obligations which Southall was liable for or bound to pay, they do not come within the provisions of the deed of assignment.

The appellants having failed to make good any ground upon which the property conveyed by Pringle to Southall, or its proceeds, or any part thereof, could be subjected to the payment of their debts in a proceeding like this, their bill was promptly dismissed.

*Affirmed.*