# CHARLESTON

LACY *et al.* v. GREENLEE.

Submitted January 19, 1915.    Decided January 26, 1915.

1. PARTNERSHIP—*Application of Assets to Liabilities—Rights of Individual Creditors.*

    A debt due from a third person to a partnership can not be subjected to garnishment, in an action at law, by an individual creditor of a partner, while the firm accounts and liabilities remain unsettled and unpaid.    (p. 519).

2. GARNISHMENT—*Answer—Sufficiency.*

    If, when made, a garnishee's answer correctly states the liability sought to be imposed, it is sufficient, although subsequent changes in the liability may afford good grounds to require him to answer over.    (p. 521).

Error to Circuit Court, Tyler County.

Action by James B. Lacy and others against C. D. Greenlee and others.    Judgment for defendants, and plaintiffs bring error.

*Affirmed.*

*M. H. Willis, Arlen G. Swiger* and *J. H. McCoy,* for plaintiffs in error.

*Underwood & Moore* and *Boreman & Carter,* for defendants in error.

LYNCH, JUDGE:

This proceeding arose out of an action at law brought in the circuit court of Tyler county on the 17th day of August, 1907, by James B. Lacy upon a note executed to him by C.

D. Greenlee. The plaintiff at the same time sued out an attachment against the property of the defendant, the affidavit therefor stating that he was then a nonresident of the state. The attachment was levied, not upon property owned alone by Greenlee, or upon his interest in the social assets of the partnership composed of Greenlee and Samuel Hissam, but on Greenlee's undivided one-half interest in certain specific property, consisting of oil rigs, casing, tools, etc., situated on the Hissam farm, and on a certain leasehold estate which the return states was conveyed by Lacy to Greenlee, but which the proof shows was the property of the partnership.

To a summons upon a suggestion, requiring him to disclose in what amount he was indebted to Greenlee, J. T. Inghram answered under oath that on the date of service of the notice, August 22, 1907, "he was not and is not liable to C. D. Greenlee for any sum of money, and has not in his possession any effects of C. D. Greenlee; but he says that at the time of the service of said attachment on him he was indebted to the mining partnership of Hissam & Greenlee, composed of Samuel Hissam and C. D. Greenlee, and that he is indebted to Hissam & Greenlee in the sum of $243". Though tendered and lodged with and. as a part of the file in the main cause early in November, 1907, no objection was made to the sufficiency of the answer until June 18, 1913, and no order was entered actually filing it until March 5, 1914, when it was ordered to be filed as of the date of its lodgment into the papers of the cause. In the order of June 18th, for the first time it was suggested that Inghram had not fully disclosed his indebtedness to Greenlee at the date "of the service of the process of garnishment upon him and at the time of his appearance to make answer herein". The same order directed that at "a future term" a jury should be required to "say how much, if anything, the said J. T. Inghram was indebted to C. D. Greenlee on the 22nd day of August, 1907, the date of the service of the process of garnishment upon" him, "together with any indebtedness of the said garnishee to C. D. Greenlee accruing since the date of the service of said process until the date of the said answer, towit, the 6th day of November, 1907".

On Inghram's motion, the evidence introduced by the plaintiffs upon the trial so ordered was excluded, and the jury directed to return a verdict in his favor; and to the judgment entered thereon the plaintiffs, as the personal representatives of Lacy, in whose names the action was revived, assign error.

Although an order entered in the action directed the sheriff to sell the property levied on under the attachment (defendant having previously appeared and confessed judgment on the note sued on), the sale of it was made to Inghram by Hissam and Greenlee as partners, Inghram paying one-half the proceeds to Hissam as and for his share therein, retaining in his hands the other half thereof as a protection against the garnishment proceedings. To this one half, or such part of it as now remains in Inghram's hands or under his control, this controversy relates.

Whether the sale of the property by the partners was before or after the levy under the attachment, the proof is not clear. But it does show that at that time the partnership owned other property, that the partnership accounts then remained unsettled, that liabilities existed against it, and that these liabilities were not finally discharged until some time in 1908, or, as stated by Hissam, about a year after the date of the sale to Inghram.

Viewed in the light most favorable to plaintiffs, was the proof excluded sufficient to authorize the jury to find failure on Inghram's part fully to disclose any indebtedness due from him to the judgment debtor? The date to which the inquiry must relate, of course, is the date of the answer by the garnishee, November 6, 1907. *Ringold* v. *Suiter*, 35 W. Va. 186. The observations made that the firm of Hissam & Greenlee owned other property at that time, that it then had outstanding unpaid liabilities, and that its accounts remained unsettled until about a year thereafter, are facts clearly proved by Hissam, the only witness testifying as to them. Indeed, none of them are denied. There was no testimony to the contrary. And, although Hissam did virtually say he claimed no interest in the funds retained by Inghram, yet they, in law, remained chargeable with the payment of the firm liabilities until the latter were finally discharged. While the firm creditors had no legal lien on the funds, mem-

bers of the copartnership did have an equitable lien thereon for the payment of any outstanding liabilities incurred for their mutual benefit. Through this lien, firm creditors may force application of the social property to the payment of their claims. Such equitable lien, however, does not enure to the benefit of creditors of the individual members of the firm, nor is it enforceable in their behalf. Their rights are confined solely to the interest of the debtor in the surplus remaining after payment of the firm debts and after an adjustment of the equities between him and his associates in the joint dealings. 30 Cyc. 539, 541; *Darby* v. *Gilligan,* 33 W. Va. 247; *Wolfe* v. *Pringle,* 96 Va. 456. See also *Conaway* v. *Stealey,* 44 W. Va. 163.

Besides, treating the part retained by Inghram, as plainly it is and as in his answer he virtually states it to be, a liability due from him to the partnership until a final adjustment of all the firm acounts and the payment of the firm liabilities, it is well settled that such indebtedness is not subject to an attachment by a creditor of an individual partner. Of course, as held in *Martin* v. *Reiniger,* 82 S. E. (W. Va.) 221, if no other interests were involved and all the accounts and liabilities of the partnership had been settled prior to the date of Inghram's answer, plaintiff's right to the fund could hardly be questioned. But, as we have seen, the balance is an asset of the partnership. In it two classes of creditors were then interested—the creditors of the partnership, and upon proper limitations the creditors of the individual members of the firm. 2 Wade on Attachment, §490, states such double liability, and announces the general rule, well established, that "the former have a preferred right to satisfaction out of the partnership assets, and, as a consequence, may be regarded as having an interest at stake when it is sought to reach the interest of an individual member of the firm by attachment in the suit of the individual's creditors.   *   * The garnishee can not answer that he is indebted to the individual. When he answers that he is indebted to the defendant and his copartner, there is nothing upon which to base a judgment against the garnishee. Before it could possibly be decided that the defendant had any interest whatever in the credit, the partnership liabilities must be ascertained and

a balance struck with his copartner". Drake on Attachment (6th Ed.) §567.

While *Grogan* v. *Egbert,* 44 W. Va. 75, involved the right of a foreign receiver of an insolvent partnership to remove the funds of the latter to another jurisdiction, it correctly states, as the true rule, that copartners can not by garnishment be divested of their right and title in and to the funds while the accounts of the firm remain unsettled or its debts unpaid. That proceeding being purely legal, the equitable rights existing between the garnishee and the defendant can not be adjusted therein. Only after all the affairs of the firm have been settled, can the undivided share of a partner be taken by that process and applied to an individual debt. But by it the plaintiffs here sought to appropriate to payment of their debt one due the firm, without awaiting the adjustment of the partnership affairs and the ascertainment of the real interest of their debtor. What they may do now, or heretofore ought to have done, under the facts proved, are questions not before us. We are concerned only with the facts as they existed at the date of the garnishee's answer. As to these only did he respond, and not to those thereafter arising. Being of opinion that his answer clearly was right, we affirm the judgment of which plaintiffs complain.

*Affirmed.*